In the Matter of the Estate of WILBUR F. RANDALL, Deceased.

Surrogate's Court, New York County, October 30, 1929.

*Banton Moore*, for the petitioner.

*Strauss, Reich & Boyer* [*Charles G. Keutgen* and *Philip Feldman*], for the Bankers Trust Company.

O'BRIEN, S. The petitioner, Frederick R. Thorns, seeks to establish a claim against the estate, based upon an oral agreement entered into between him and the decedent during his lifetime. As a defense to the claim the executors have set up the Statute of Frauds. (Pers. Prop. Law, § 31.) The facts which are conceded are as follows:

The petitioner and the decedent had been intimate friends for a great many years. The petitioner had leased and maintained

an apartment at No. 29 Washington Square, borough of Manhattan, New York city, under a five-year lease commencing October 1, 1921, at a rental of $2,500 per year. In or about May or June, 1924, as a result of the friendship existing between the petitioner and the decedent and the latter's ill health, a suggestion was made that the decedent make his home with the petitioner for the remainder of his life. This suggestion was consented to by the petitioner's wife, Mrs. Thorns, and thereafter efforts were made to obtain an apartment suitable both to the decedent and the petitioner and his family. An apartment at No. 43 Fifth avenue, borough of Manhattan, New York city, was found satisfactory to all concerned. With respect to the arrangement as to the rental of this apartment, Mrs. Thorns testified: " Mr. Thorns was not inclined to take on the increased rent, and Mr. Randall said, I will pay one-half of it and you will not be paying any more than you are paying now. He said, I am good for it while I am living and if I am dead my estate is good for it." This testimony given by Mrs. Thorns has not been refuted. Thereupon a lease was entered into by the petitioner with the D. H. K. Realty Corporation, as landlord, for a period of two years, at the annual rental of $5,400. The lease was in writing. The decedent's name was not mentioned therein. He did not sign it, but, together with the petitioner's family, entered into possession under it. He paid three monthly installments of $225 up to the time of his death. All the payments prescribed in the lease were made by petitioner.

I hold that the estate of the decedent is liable for the sum of $4,725 as the balance due to the petitioner for one-half of the total rent of $10,800. In reliance upon the promise of the decedent to pay one-half of the rent the petitioner entered into and executed a two-year lease with the landlord at the stipulated rental. The giving up of the petitioner's former apartment and the execution of the lease was the consideration for the promise of the decedent to pay one-half the rent. Upon such execution of the lease the agreement on the part of the petitioner was fully performed. While the lease was to run for a period of two years, the whole liability was assumed by the petitioner for the full term at the time of the execution of the lease. The decedent was not a party to the lease and could not be bound under it. The agreement between the decedent and the petitioner was separate and distinct from the agreement of lease between the petitioner and his landlord. The decedent's liability, however, was fixed the moment the lease was signed by the petitioner. Although the agreement between the petitioner and the decedent was not in writing, it nevertheless, under the circumstances, does not come within the Statute of Frauds

(Pers. Prop. Law, § 31). Decedent's promise was " I will pay one-half of it " (meaning the rent of the premises). *There was no specified time mentioned as to when or as to how such one-half of the rent was to be paid by the decedent.* He could have paid the whole of the amount to which he became obligated *at one time.* In other words, it was not on his part absolutely essential, under the terms of the agreement, that payments be made over a period of two years. It was, therefore, not an agreement which by its terms was not to be performed within one year of the making thereof. The fact that he proceeded to pay monthly installments of one-half the rent to the petitioner and the petitioner accepted such payments, does not bring the agreement within the statute.

Submit order on notice directing payment of the claim accordingly.